Filed March 13, 1886.

———————◆———————

No. 12,226.

## HEDGES ET AL. *v.* KELLER ET AL.

REAL ESTATE.—*Deed.—Trust and Trustee.—Special Finding.—Presumption.*—A special finding, that the land in controversy was conveyed to the cashier of a bank personally, by an absolute deed of general warranty; that in the transaction a promissory note held by the bank against the grantor was paid off and surrendered; that such conveyance was fully known to the other officers of the bank at the time; that neither the bank, during its existence, nor its officers or stockholders, asserted any claim to, or interest in, such land for more than twenty-five years, nor until after the commencement of this suit; that though such grantee

ceased to be cashier of the bank shortly after such conveyance, "there was no such account as a real estate account in the books of the bank," and that the plaintiffs, who were the heirs of the grantee, knew nothing of such conveyance until 1881, fails to show that the grantee took or held the land in trust for the bank, and, in the absence of any fact to the contrary, the presumption is that he paid for the land with his own personal means.

SPECIAL FINDING.—*Must Show Interest of Party to Action.*—Where a special finding fails to show that a party, either personally or in a representative capacity, has any interest in the subject of the action, such party can not complain of alleged errors in the conclusions of law.

From the Huntington Circuit Court.

*T. Roche, L. P. Milligan* and *O. W. Whitlock,* for appellants.
*J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellees.

HOWK, J.—This was a suit by the appellees, Cecelia Keller and James F. Welden, as sole plaintiffs, to quiet their title to certain real estate, particularly described, in Huntington county. The appellants Hedges and Carpenter were the only defendants named in appellees' complaint, at the commencement of their suit, but as the cause progressed, in the trial court, other persons were made parties thereto. The cause was put at issue and tried by the court, and, at the request of the parties, the court made a special finding of facts, and thereon stated, as its conclusions of law, that the title to the real estate in controversy ought to be quieted in the appellees. Over the exceptions of George F. Carpenter, administrator of the estate of Solomon Lewis, deceased, to the court's conclusions of law, the court in accordance therewith rendered a judgment and decree quieting the appellees' title to the real estate described in their complaint.

In this court, the only error properly assigned by the appellant Carpenter, administrator, etc., calls in question the correctness of the trial court's conclusions of law upon its special finding of facts.

The facts found by the circuit court were, in substance, as follows:

1. In July, 1854, James Welden, Solomon Lewis, James R. Welden, Charles Hedges, H. Colby, D. W. Anderson, C. F. Sherman, George Quinby, Benjamin Orton, Samuel Moore, S. H. Purviance and John Roche, associated themselves together by articles of association, under the general law of Indiana, for the purpose of doing an exchange and banking business in the town of Huntington, Indiana, under the name of the Huntington County Bank, with a capital of $300,000, the capital stock of which was owned and held by said persons as follows, to wit: James Welden and Solomon Lewis, each $75,000; J. R. Welden, Charles Hedges, H. Colby, D. W. Anderson and C. F. Sherman, each $25,000; George Quinby, $15,000, and S. H. Purviance, Samuel Moore, John Roche and Benjamin Orton, each $2.000.

Such stock was to be held and owned by said stockholders in the above proportions, and they were each to pay four per cent. of said stock forthwith in funds equivalent to New York City funds, and further amounts as they each and all might thereafter determine; and no member should sell or hypothecate his said stock to any person or corporation until after an offer to, and refusal to purchase by, the parties; neither of the parties to such articles of association to loan or use any of the assets of such bank to his own private use or purposes, directly or indirectly, to an amount exceeding $5,000. Said association could be dissolved and the business of such bank closed at any time, by the majority of the stock; but, in that case, the minority could continue the business of such bank by paying the fair cash value of the interest therein of the majority, and giving them proper and full indemnity. The president, cashier and directors were to be appointed by the stockholders, who were to vote in proportion to their stock.

2. Four per cent. of the stock of such bank was paid by the stockholders.

3. No person or officer was named in the articles of asso-

ciation as the person or officer who should take the title to any lands the association might purchase or take in payment of debts due or otherwise.

4. John Roche was president and James R. Welden cashier of such association or bank, and its business was managed by such president and cashier, with the advice of James Welden, a stockholder.

5. There were no other active officers in the business of such bank but its president and cashier.

6. In May, 1855, Henry Brown and James M. Bratton were indebted to such bank in the sum of $500, upon a note payable to the bank, on which note Bratton was surety for Brown. Neither Bratton nor Brown had cash to meet its payment. Brown then owned the land described in the complaint, and, to indemnify Bratton as such surety, Brown conveyed such land to Bratton. James R. Welden, the cashier of the bank, took such land and turned the note over to Bratton and paid Bratton in addition to the note either $250 or $300, which money Bratton paid to Brown. Bratton conveyed the land to James R.. Welden by deed, and Welden took the land and the deed therefor, by the direction of John Roche, president of such bank. The transaction between Bratton and James R. Welden was in such bank. The deed from Bratton was made to James R. Welden instead of to John Roche, because Welden was cashier of such bank.

7. In August, 1855, James R. Welden resigned the office of cashier of such bank, and returned to Mansfield, Ohio, and, in December following, died intestate, leaving surviving him as his only heirs at law the plaintiffs in this suit, who were his widow and only son.

8. Plaintiffs knew nothing of such land, or of the conveyance thereof to James R. Welden, and did nothing in relation to such land until in 1881.

9. John Roche took possession of such land and kept the same under his control from the time James R. Welden returned to Mansfield, Ohio, until 1881, renting it to different

persons, receiving the rents and paying the taxes, except that, in 1867, he suffered the taxes to become delinquent thereon, and when such land was offered for sale for such delinquent taxes he bid such land in for such taxes, and took out a deed on such sale in 1881, and soon after conveyed such land by quitclaim deed to the plaintiffs.

10. At the time the taxes, named in finding No. 9 herein, accrued, James R. Welden had no personal property in Huntington county, Indiana, out of which such taxes could have been collected, and had not had any such property in such county since that time. The facts in this finding found, and the tax deed found in finding No. 9, were all the evidence offered or received tending to support such tax deed.

11. John Roche claimed to hold such land for the true owners thereof, during the whole time he held the same. He also knew of the death of James R. Welden, and that such decedent's family resided in Mansfield, Ohio, but did not communicate with them.

12. The books of such association or bank, except the stock-book and register of collections, are lost or destroyed.

13. Thomas Roche succeeded James R. Welden as cashier of such bank, in August, 1855, and continued as cashier thereof until January, 1857. There was no such account as a real estate account in the books of such bank.

14. Such association or bank ceased to be a banking corporation on the 1st day of January, 1857, by operation of law, it not having complied with the statute in that behalf, then in force.

Upon the foregoing facts, the trial court stated the following conclusions of law:

1. The association, found in finding No. 1, was a valid and legal association, for the purposes therein set out and found.

2. The conveyance of the real estate in controversy herein to James R. Welden, either by its own effect or by its effect taken in connection with all the facts herein found, did not

create a trust, either express or implied, in James R. Welden, in such real estate.

3. The fee simple of the real estate in controversy, described in the pleadings herein, is in the plaintiffs, free from any trust, either express or implied.

4. The tax deed to John Roche, found in finding No. 9, was invalid to convey to him the real estate in controversy.

5. The title to the real estate, described in the pleadings herein, ought to be quieted in the plaintiffs, Cecelia Keller and James F. Welden.

As the appellant has presented this case here, solely upon his exceptions to the trial court's conclusions of law, he admits that the facts of the case were fully and correctly found by the court, but says that the court has erred in its application of the law to the facts so found in its conclusions of law. The only question, therefore, we are required to consider and decide, in this cause, may be thus stated: Upon the facts specially found by the court, is there any error, in its conclusions of law, which injured or harmed the appellant, or of which he can be heard to complain? *Fairbanks* v. *Meyers*, 98 Ind. 92; *Shoemaker* v. *Smith*, 100 Ind. 40; *Helms* v. *Wagner*, 102 Ind. 385.

The question stated must, we think, be answered in the negative. Even if it were conceded that James R. Welden, as whose heirs the appellees claimed title to the land in controversy, upon the facts found by the court, took and held the title to such land as the trustee of the Huntington County Bank, yet it was not found by the court as a fact that the appellant Carpenter, either personally or in his representative character, had any interest whatever in the trust estate. If, therefore, the court erred in its conclusion of law, that the fee simple of the land in controversy was in the appellees, " free from any trust, express or implied," it is difficult to see wherein or how the appellant, upon the facts found by the court, was injured or harmed by such error. It is true, the court found as a fact that one Solomon Lewis was an

original stockholder of the Huntington County Bank, but the court failed to find that Lewis was such stockholder when the corporate existence of the bank ceased, or that he had died, or that the appellant Carpenter was the administrator of his estate, or that he was the same Solomon Lewis of whose estate appellant was administrator. These were facts, if they existed, which appellant ought to have proved and the court ought to have found, for the purpose of showing that he, in his representative character, was injured or harmed by the error of which he complains. Carpenter was made a defendant personally to the action, but he defended as administrator, and personally he has declined to join in this appeal.

Passing this point, however, we are of opinion that the facts found by the court fail to show that James R. Welden took or held the land in controversy as the trustee of the Huntington County Bank, or of any one else. The land was conveyed to him personally, by an absolute deed of general warranty, and, in the absence of any fact found to the contrary, the fair presumption is that he paid for the land with his own personal means. The only grounds for even an inference to the contrary are (1) that he was cashier of the bank at the time the land was conveyed to him, and (2) that in the land transaction a promissory note, held by the bank against the grantor in such deed, was paid off and surrendered. Any such inferences, however, are abundantly overcome and negatived, we think, by the facts found by the court that the conveyance of the land to James R. Welden was fully known to the other officers of the bank at the time, that neither the bank, during its existence, nor any of its officers or stockholders, asserted any claim to or interest in such land, and that although Welden ceased to be the cashier, within four months after the land was conveyed to him, "there was no such account, as a real estate account, in the books of such bank." It is true these facts are of a negative character, but they are none the less convincing.

Our conclusion is that upon the facts specially found by the court there is no error in its conclusions of law, and, certainly, none as against the appellant, or of which he can complain.

The judgment is affirmed, with costs.

Filed Dec. 11, 1885; petition for a rehearing overruled Feb. 12, 1886.