REUBEN W. GIFFORD, as RECEIVER, ETC., OF CHAUNCEY W. RISING, APPELLANT, *v.* CHAUNCEY W. RISING AND OTHERS, RESPONDENTS.

*Annuity payable by a devisee of land — no trust is created — it is subject to the claims of the creditors of the annuitant.*

An action, in the nature of a creditor's bill, was brought by a receiver appointed in supplementary proceedings to reach a bequest or annuity, payable under the will of the father of the judgment-debtor, Chauncey W. Rising, to him and to his wife Jane for their support and that of their family, amounting to $200 a year, to be paid to them by Aretus W. Rising, in part consideration of lands devised to Aretus.

*Held,* that there existed no trust in Aretus W. Rising, under the provisions of the third subdivision of section 55 of title 2, article 2, chapter 1, part 2 of the Revised Statutes, authorizing a trust to be created to receive the rents and profits of lands, and to apply them to the use of a designated person.

That the devise of the land to Aretus W. Rising being absolute in its terms, his acceptance thereof made him a debtor to the parties entitled to receive the annuity under the provisions of the will.

That the annuity given by the will was subject to the claims of the creditors of the annuitant, and the statement contained in the will that it was for the latter's support did not make it exempt from the claims of his creditors.

*Degraw* v. *Clason* (11 Paige, Ch., 136) followed.

APPEAL from a judgment in favor of the defendants, entered in Niagara county August 31, 1887, upon the report of a referee.

---

* Continued from Volume L.

HUN—VOL. LI    1

*Henry M. Davis*, for the appellant.

*George D. Judson*, for the respondents.

HAIGHT, J. :

This action is in the nature of a creditor's bill, prosecuted by the plaintiff, as receiver appointed in supplementary proceedings, to reach a bequest or annuity payable to Chauncey W. Rising under the will of his father, Samuel S. Rising. The referee has found, as facts, that Samuel S. Rising died leaving a last will and testament, which has been duly proved and admitted to probate by the surrogate of Niagara county, in which he devised to his son, Aretus W. Rising, his farm situated in Niagara county, particularly describing it, but subject to the following provisions : " But the aforesaid premises shall be subject to, and liable for the payment of the following named bequests, which are made payable by him : * * * The bequest to Chauncey W. Rising, his wife and children, as expressed in article fifth of this will." By article 5 he gives and devises to his son, Chauncey W. Rising, and to his wife, Jane, for their support and that of their family, $200 per year, from one year after his decease, during their lives ; to be paid to them by Aretus W. Rising, semi-annually, in part consideration of lands devised to him. The referee has found, as a conclusion of law, that the $200 per annum is a valid annuity in trust, created by the will for the special purpose of assuring support and maintenance and education to Chauncey W. Rising and Jane, his wife ; and that each of them has an individual, indivisible, inalienable and unassignable interest therein to the extent of their support, maintenance and education, and that of their family ; and that the complaint should be dismissed upon the merits.

An exception taken to this conclusion presents the only question which we are here called upon to review. If the provisions of the will create a trust, then the conclusion should be sustained. Otherwise not.

The statutes provides that "Express trusts may be created for any or either of the following purposes : 1. To sell lands for the benefit of creditors. 2. To sell, mortgage or lease lands for the benefit of legatees, or for the purpose of satisfying any charge thereon. 3. To receive the rents and profits of lands and apply them to the use of

any person during the life of such person, or for any shorter term; subject to the rules prescribed in the first article of this title. 4. To receive the rents and profits of lands and to accumulate the same for the purposes and within the limits prescribed in the first article of this title," (R. S., part 2, chap. 1, art. 2, tit. 2, § 55; 1 id., pp. 728, 729.)

Section 57 provides that "Where a trust is created to receive the rents and profits of lands and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum that may be necessary for the education and support ·of the person for whose benefit the trust is created, shall be liable in equity to the claims of the creditors of such person, in the same manner as other personal property, which can not be reached by an execution at law."

Section 45 (1 R. S., 727), provides that "Uses and trusts, except as authorized and modified in this article, are abolished," etc. These provisions pertain to real estate. Trusts may be created in reference to personal estate as well, and when so created, the creditor or receiver may maintain actions in reference to such estate in the same cases in which it may be maintained in reference to real property. (*Williams v. Thorn,* 70 N. Y., 270.)

But, in the case under consideration, if there be a trust, it is one created out of real property, and, in order to be valid, must be within the provisions of the. statute. No claim is made that any trust was created under the first, second or fourth subdivisions of section 55. If any, it must be under the third subdivision of the section, which is to receive rents and profits of land and to apply them to the use of some person designated. But it will be observed, upon reference to the will, that no rents or profits are reserved to be received and appropriated.

A trust is a right of property, real or personal, held by one party for the benefit of another. One of the essential features of a trust is the creation of an estate or principal sum from which rents or profits may be derived that may be used for the benefit of another. No express words of trust are found in the will. . Such, however, may not be necessary if it appear that it was the intention of the testator to create a trust. The devise to Aretus is absolute in terms. It devises to him the farm in fee. It is charged with the payment of the bequests named. ·He accepted the terms and conditions of

the devise and entered into the possession of the land. By so doing he undertook and agreed to pay the bequests charged thereon as they became due and payable under the provisions of the will. These bequests are not made contingent upon the collection of rents or profits from the real estate devised. They are, as expressed in the will, part of the consideration for the land. In other words, the testator took this means of dividing up his estate among his children. Instead of partitioning his farm between them, he gave it all to one son, but, upon the condition of his doing so, required him to pay the legacies charged thereon. These legacies Aretus becomes liables to pay on accepting the conditions and entering into possession. Payment thereof may be enforced by an action at law, even though there may be no rents or profits from the lands.

In the case of *Brown* v. *Knapp* (79 N. Y., 136), it was held that where a legacy was given, and is directed to be paid by the executor, who is a devisee of real estate, such estate is charged with the payment of the legacy; and the devisee, upon *accepting the devise*, becomes personally bound to pay the legacy, and this, although the land devised to him proves to be less in value than the amount of the legacy; and the payment of such a legacy may be enforced by a suit in equity against the real estate, or by an action directly against the devisee, upon the promise to pay, implied by the acceptance.

. In the case of *Gridley* v. *Gridley* (24 N. Y., 130), a will gave all the testator's real and personal property, and declared that the donee was to pay all the testator's debts and a certain annuity. It was held that the acceptance of the gift created a personal liability, upon which an action may be maintained at law without any express promise. (See, also, *Dodge* v. *Manning*, 1 Comst., 298; *Van Orden* v. *Van Orden*, 10 Johns., 30.) If we are correct in the view that Aretus has become personally liable to pay the bequest or annuity upon his implied promise on accepting the devise, it would seem to follow that there was no trust created; for, if there was a trust, his acceptance of it would only make him liable in equity to account for the use made by him of the trust estate. The design of the statute was to enable one to contribute to the support of another who, for any cause, ought not, in his judgment, to have the management or control of property by vesting the title and

management thereof in a trustee for that purpose. The title, when so vested, is inalienable by the beneficiary, and is out of the reach of his creditors. The estate vested in Aretus, as we have seen, was an absolute estate, and was for his own comfort and enjoyment, subject only to the payment of the legacies mentioned as a part of the consideration. He is not made a trustee for the payment of the legacies mentioned as a part of the consideration. He is not made a trustee, and is not liable to pay as such; for the charging of the payment of legacies or debts upon lands creates no trust. (*Dill* v. *Wisner*, 88 N. Y., 153, 158; *Livingston* v. *Gordon* 84 id., 136, 142.)

The fact that the bequest to Chauncey is an annuity, payable semi-annually during his life, does not change the rule. Neither does the fact that it is specified in the will that it was for the support of himself and wife and their family. An annuity or legacy may be reached by creditors in equity, and the statement that it is for support does not render it exempt.

The case of *Degraw* v. *Clason* (11 Paige Ch., 136) appears to be in point and controlling upon the question presented on this review. In that case an annuity was bequeathed by the testator to his widow and was charged upon his real and personal estate. It was held liable for the debts of the widow and that the same may be reached by a creditor's bill against her. The question as to whether the receiver can reach more of the legacy than is due and payable is not now before us, and is not considered.

It follows that the judgment must be reversed and a new trial ordered before another referee, costs to abide the final award of costs.

BARKER, P. J.; BRADLEY and DWIGHT, JJ., concurred.

Judgment reversed and new trial ordered before another referee, costs of this appeal to abide the final award of costs.