HOLLINGSWORTH v. BOARD OF COMMISSIONERS OF KNOX COUNTY.

[No. 2,795. Filed April 19, 1899.]

EVIDENCE.—*Trusts.—Deeds.— Compromise and Settlement.— Official Bond.*—A trust deed made by a county treasurer to one of his bondsmen, containing a stipulation empowering the trustee to sell and convey the property and hold the proceeds of the sale as an indemnity to his bondsmen, does not authorize the trustee to compromise for such treasurer a suit against him and his bondsmen for a defalcation ; and the testimony of such trustee, in a subsequent action brought by such treasurer against the county on a warrant, as to statements made by witness and the county auditor, in settlement of the defalcation suit, in the absence of plaintiff, to the effect that the claim in suit had been taken into account in such settlement, is inadmissible.

From the Sullivan Circuit Court. *Reversed.*

*W. H. DeWolf* and *John T. Hays,* for appellant.

*George G. Reily* and *James W. Emison,* for appellee.

COMSTOCK, J.—Suit brought by appellant in the Knox Circuit Court against appellee on a county warrant issued to him May 3, 1886, for $1,000, for interest on court-house bonds. It was tried in the Sullivan Circuit Court upon change of venue. Appellee answered the complaint in eight paragraphs. Separate demurrers were filed to each paragraph. The demurrer to the first paragraph was sustained, and overruled as to the others. A reply in general denial and a trial by the court resulted in judgment in favor of appellee. Appellant's motion for a new trial was overruled. The issuing of the warrant was not denied. No question is raised on the pleadings, and we do not set them out.

Eight errors are assigned, but only one of the eight, which

questions the action of the court in overruling the motion for a new trial, is discussed. The others are therefore waived.

In brief, the following, among other facts, are disclosed by the evidence. In 1882 appellant was elected treasurer of Knox county. He was reëlected in 1884. During his first term he was in default in a large sum of money. He gave a bond for each term. James Emison was a surety on both bonds. Shortly after his reëlection the defalcation was discovered. He made a deed of trust selling and conveying all his property to Emison. The deed contained the following stipulations: "The said James Emison is to sell and convey said real estate and said personal property at private or public sale, without relief from valuation or appraisement laws, for cash or on time, and apply the proceeds of sales to the payment of any money which I may owe as treasurer of Knox county, Indiana, for or on my first term, and to hold the proceeds of sales as an indemnity to and for·my bondsmen as treasurer of said county, who are on my bond pursuant to my election in November, 1882. * * * It is understood that said property shall be sold only when in the judgment of said Emison it is in the interest of my said bondsmen that the same be sold. Said Emison is hereby authorized to take immediate possession of all of said property, and employ suitable persons to take care of the same, and handle the same in pursuance thereof, and pay for such employes and other necessary expenses out of the funds created by such sale or sales. It is not to be understood that I am in any way behind as treasurer, but, if it should so appear, this is to be indemnity to my bondsmen as agreed. It is hereby agreed that said Emison shall pay to James I. Pritchett, out of the first moneys received for such sales, the sum of $500, in full for legal services and legal advice which he shall render me on account of my actions relating to the administration of my office as treasurer aforesaid." After the execution of this deed he fled the country. During his absence suits were instituted by the auditor of the county for

$86,000 defalcation on each bond against appellant and his sureties. Emison, as such trustee, defended the suits, employing attorneys therefor. The suits were compromised by the auditor and Emison, pursuant to the terms of which judgment was rendered on each bond for $17,500. Only appellant's property was used in satisfying these judgments.

Appellant asks a reversal of the judgment below on the grounds: (1) That it was not proved that Emison had authority to make any compromise for appellant; (2) that declarations of Emison, made in appellant's absence, were improperly admitted as binding upon appellant; (3) appellant was not permitted to testify that Emison had no authority to make any compromise for him. The questions thus presented were properly reserved in the bill of exceptions.

Whatever authority Emison had in the premises was given him by the deed, and by those parts of it above set out. It does not appear that any attempt was made to show that Emison had, by parol, been given authority to make any compromise. The deed, therefore, alone could determine the authority given. Appellant did not deny its execution, and his testimony, to the effect that he did not authorize the trustee to make any settlement or compromise, would have amounted only to his construction of the deed. This was for the court, *aliter*, had Emison testified to or claimed authority by parol.

Did the deed empower the trustee to make the settlement? We have set out its provisions pertinent to this question. While it makes Emison trustee for the benefit of himself and co-sureties, it gives him no authority to compromise a pending or future litigation. It names an attorney, and provides for his compensation "for legal services and legal advice which he shall render on account of my actions relating to the administration of my office as treasurer aforesaid." Said attorney appeared for appellant in the suits upon the bond, and filed answers for him.

Over the objection of appellant, the court permitted

Emison to testify to statements made by himself and the then auditor of Knox county, the relator in said suits, while negotiating the settlement of the suits upon the bonds of appellant, to the effect that the claim in suit had been taken into account in agreeing upon the amounts pursuant to which judgments were subsequently rendered.   George G. Reily, attorney for the bondsmen, testified that he was attorney for the bondsmen in said suits, and was present in court when the judgments were rendered; that he had learned from Emison and Dick, the auditor, the agreement they had reached for a settlement.  Over the objection of the appellant, said attorney was permitted to testify that on said occasion he stated to the court that a settlement had been reached in the two cases on the two bonds, and that it was agreed between them (Dick, auditor, and Emison) "that as a settlement of all the matters then in controversy between the auditor and them, being everything involved in the claim against the defendants in those two suits, should be settled by the rendering of a judgment on each bond in favor of the plaintiff of $17,500." The objection to the evidence stated at the time was that Emison was not authorized to make any compromise of any suits to which appellant was a party, and that the statements testified to were made in his absence.   In permitting the testimony, we think the trial court erred.   The third paragraph of answer, which is the only paragraph pleading a settlement through the suits on the bonds, contains the following averments: "That thereupon suits were instituted against him and his sureties by the auditor of said county in the Knox Circuit Court to recover said money; that said plaintiff appointed one James Emison his trustee, giving him full power to determine the true state of his accounts as such treasurer with said county, and compromise said matter of difference, and he (said plaintiff) absconded and concealed himself in parts unknown during the pendency of said suits; that pursuant to said authority said Emison, as such trustee, defended such suits on behalf of said plaintiff and his said

sureties; that it was claimed by said plaintiff in said suits that this plaintiff had embezzled of the money belonging to the said county the sum of $100,000, and the books and other public records in the auditor's and treasurer's office of said county so showed; that thereupon said Emison, as such trustee, and the auditor of said county, who was the relator of said suit, compromised all matters, including the money sued for in this action, growing out of or connected with said suit; that, as the result of said compromise, said sum herein sued for, among other sums, was allowed to said defendant as a credit, and judgment was rendered against said defendant and his said sureties for the sum of $17,500 upon each of said bonds; that said compromise so made allowed to said plaintiff all that was owing to him of all kinds in any way including said money herein sued for." The compromise was made by parol. It was proper, under the pleadings, to show what entered into the settlement to prove, if it could be done by the testimony of the parties thereto, that the claim in suit was embraced in such settlement; but appellant was not present in person nor by attorney, nor by any one authorized to represent him. As to him, it was incompetent evidence. This evidence was upon a material point in issue in the cause. It will be presumed to be prejudicial, unless the record shows to the contrary. *Loomis* v. *Stevens,* 18 Ind. App. 184.

Counsel for appellee call attention to the paragraph of answer pleading the statute of limitations, with the statement that no pretense is made that it is not true, but this answer is not sustained by the record.

Counsel for appellee contend that the evidence is not properly before us. From a careful examination of the record, we conclude that this claim cannot be sustained. We do not deem it necessary to pass upon the other alleged errors. The judgment is reversed, with instructions to sustain appellant's motion for a new trial.