## REPP ET AL. *v.* LESHER ET AL.

[No. 3,843.   Filed October 8, 1901.]

TRUSTS.—*Husband and Wife.*—*Purchase of Land with Wife's Money.* —A complaint alleging that a husband paid the wife's money for the land and took the title in himself is not sufficient to establish a trust therein in favor of the heirs of the wife, it not being charged that the conveyance to him was without the wife's consent, or that it was fraudulently made, or that it was in violation of any trust, or that there was any *bona fide* agreement that he should hold the land in trust for her. *pp. 361-364.*

SAME.—*Pleading.*—A complaint to enforce a trust in real estate, alleging that plaintiffs' father "settled upon his children by his former wife all of his real and personal estate to be taken by them at his death," pleads a conclusion.   *p. 365.*

HUSBAND AND WIFE.—*Antenuptial Contracts.*—*Deeds.*—*Jointure.*— Antenuptial agreements to the effect that the property each then held should be and remain the property of each respectively, free from any claim by the other, containing no words of conveyance or description of property, and nothing to indicate that they were intended to be deeds of conveyance, will not be held to be deeds of conveyance creating a jointure within the meaning of §2661, Burns 1894.   *p. 365.*

APPEAL AND ERROR.—*Exception to Conclusions of Law.*—No question is presented on appeal upon an exception to a conclusion of law where the exception was not taken at the time the conclusion of law was announced.   *pp. 365, 366.*

From Miami Circuit Court; *J. T. Cox,* Judge.

Action by Sarah A. Repp and others against Sarah K. Lesher and others to enforce a trust in real estate. *Affirmed.*

*Farrar & Morris,* for appellants.
*W. C. Bailey, C. A. Cole* and *D. E. Rhodes,* for appellees.

Robinson, J.—Action by appellants to enforce a trust. Complaint in three paragraphs. Appellee Sarah K. Lesher answered in eight paragraphs; appellees Catharine and David Lesher answered in eight paragraphs. The appellees above named answered the complaint jointly in three paragraphs. Special finding of facts, with conclusions of law and judgment in appellee's favor. Errors assigned and discussed are: that appellant's demurrer to the fourth paragraph of separate answer of Sarah K. Lesher to the first paragraph of complaint, and the demurrer to the second paragraph of joint answer of Sarah K., Catharine, and David Lesher, were erroneously overruled; that appellant's motion for a new trial was improperly overruled; and that the conclusions of law are incorrect.

The first paragraph of complaint avers in substance that on the 27th day of February, 1865, John Lesher, then a widower, held the legal title to 150 acres of land, described, which he had previously paid for with moneys belonging to his wife, mother of appellants, and had taken the conveyance in his own name. On that date John Lesher and appellee Sarah K. Lesher (then the widow of Charles Kessinger), in contemplation of marriage, entered into an antenuptial agreement, each executing and delivering to the other a contract in writing, that in the event of their marriage the property each then held should be and remain the property of each respectively, free from any claim by the other; that the parties were married, and John Lesher sold fifty acres of the land to pay debts and afterwards sold 100 acres and by agreement between the husband and wife part

of the money was paid to Sarah K. Lesher to be held by her in trust for John Lesher's children; that afterwards Sarah K. Lesher purchased certain described lands and paid therefor the trust funds so held by her, and took the title to part of it in her own name and the rest in the name of appellee, Catherine Lesher, with knowledge of the trust and that they are still in possession of the land so purchased; asking an accounting, for judgment, and conveyance of the land.

The second paragraph of complaint pleads the execution of the antenuptial contract, in February, 1865, by each executing to the other a separate written agreement signed and acknowledged; that by his written agreement "John Lesher settled upon his children by his former wife all his real and personal estate to be taken by them at his death," and by her written agreement Sarah releasd all her interest therein. A copy of her agreement is made an exhibit. "That the said agreement executed by John Lesher has been lost, misplaced, or destroyed and a perfect copy of it can not be given." The pleading further avers that the parties were married; that at the time of the contract and marriage John Lesher owned the 150 acres of land; that he sold 100 acres; that Sarah K. Lesher obtained possession of a large amount of the money and notes for this land and invested the same in the lands now in question in her own name and in the name of Catherine Lesher; that neither Sarah K. nor Catherine Lesher furnished the money or any part thereof to pay for these lands, but all of the purchase money was derived from the sale of the 100 acres of land that John Lesher had by his antenuptial contract settled upon his children by his former wife; that such investment was without the consent of such children (appellants); that no consideration passed for such money or notes, but that the same belonged to and was the property of John Lesher so long as he lived, and after his death, in 1894, was the property of these appellants.

The third paragraph avers that in 1875 Sarah K. Lesher agreed with John Lesher to hold certain moneys, then held by and coming to him, for him during his life, and at his death pay the same to his children; that she received the money and invested it in the land in question, took the title in her own name and in the name of Catherine Lesher; that John Lesher died in 1894.

Objection is first made to the fourth paragraph of answer to the first paragraph of complaint. This paragraph of complaint seems to proceed upon the theory that appellants' rights grow out of the trust averred to have been created when John Lesher purchased the 150 acres of land with his wife's money. In the brief it is said that this paragraph of answer is not good because "it neither denies nor avoids the trust averred in said paragraph of complaint to have been created by John Lesher by taking title in himself to the lands he purchased with the money of appellants' mother, his first wife, which trust is the foundation of the cause of action alleged therein," and "that the trustee's placing of the trust funds in Sarah K. Lesher's hands, to be held by her in trust, are only incidents to the original trust."

The averment of the complaint by which it is sought to show the creation of this trust is that "on said 27th day of February, 1865, said John Lesher held the legal title to the east 150 acres of land lying, etc. [describing the land], which he purchased (prior to that time, to wit, during the lifetime of his then deceased wife) with and paid for the same with moneys belonging to said former wife, but he, said John Lesher, took the deed of conveyance for the same in his own name, although said lands really belonged to his said first wife."

These averments are not sufficient to establish a trust in favor of the former wife. It is simply averred that the husband paid the wife's money for the land, and took the title in himself. It is not shown that the conveyance to

him was without the wife's consent, or that it was fraudu-
lently made, or that it was in violation of any trust, or
that there was any *bona fide* agreement that he should hold
the land in trust for her.    The statute expressly provides
that "When a conveyance for a valuable consideration is
made to one person, and the consideration therefor paid by
another, no use or trust shall result in favor of the latter;
but the title shall vest in the former, subject to the pro-
visions of the next two sections." §3396 Burns 1894. "The
provisions of the section [§3396] next before the last shall
not extend to cases where the alienee shall have taken an
absolute conveyance in his own name without the consent
of the person with whose money the consideration was paid;
or where such alienee, in violation of some trust, shall have
purchased the land with moneys not his own; or where it
shall be made to appear that, by agreement and without any
fraudulent intent, the party to whom the conveyance was
made, or in whom the title shall vest, was to hold the land
or some interest therein in trust for the party paying the
purchase money or some part thereof." §3398 Burns 1894.
See *Goldsberry* v. *Gentry,* 92 Ind. 193; *Mitchell* v. *Col-
glazier,* 106 Ind. 464; *Moore* v. *Thomas,* 137 Ind. 218;
*Malady* v. *McEnary,* 30 Ind. 273; *Milner* v. *Hyland,* 77
Ind. 458.    Upon the theory of the complaint as stated, the
first paragraph of complaint is bad, and there could be no
error in overruling a demurrer to an answer even if the
answer was bad.    *Alkire* v. *Alkire,* 134 Ind. 350.

The second paragraph of joint answer to the whole com-
plaint admits the execution of the antenuptial contract in
1865, but pleads its annulment in 1871 by an agreement be-
tween the parties to that effect, which was recorded on the
face of the    record of Sarah K. Lesher's antenuptial con-
tract; that at the time of the sale of the real estate by John
Lesher the value of the individual one-third was placed in
notes payable to Sarah K. Lesher as her individual property,
and not in trust for any person or persons; that the real

estate owned by Sarah K. and Catherine Lesher described in the complaint was paid for with their own money, and that they have been in possession of the same for more than twenty years.

This answer is directed to the whole complaint. It is unnecessary to repeat what has already been said about the first paragraph of complaint. The second paragraph of complaint pleads a conclusion when it avers that John Lesher, by his written agreement, "settled upon his children by his former wife all his real and personal estate to be taken by them at his death." It is not averred whether there was a conveyance by him to his children, or in what manner they became the owners of the land.

It is also argued that the contracts executed by Sarah K. Lesher and John Lesher were deeds of conveyance and that they both together created a jointure within the meaning of §2661 Burns 1894, and that the rights acquired thereunder amounted to an interest in real estate which could only be divested by another conveyance.

Assuming that the contract executed by John Lesher was like that executed by Sarah K. Lesher, a copy of which is an exhibit, it can not be said that the contracts were deeds. There are no words of conveyance, no property described and nothing to indicate that they were intended to be deeds of conveyance. After the execution of the contracts, John Lesher still owned his real estate. It was regularly in his name and belonged to him. He could sell it if he wished. He did sell it, his wife joined in the conveyance, and the title passed to the purchaser. Sarah K. Lesher is not now claiming, nor has she claimed, that she is entitled to any of her deceased husband's property contrary to the terms of the antenuptial contract. The answer denies that any of the funds derived from his sale of the lands were given to her in trust. There was no error in overruling the demurrer to the second paragraph of joint answer.

The conclusions of law were announced and entered of

record February 24, 1898. No exception was taken on that day. Afterwards, on March 12, 1898, appellants excepted to the conclusions of law, and filed a motion for a new trial. On October 22, 1898, this motion was overruled and judgment in appellee's favor rendered, to which an exception was taken. The exception to the conclusions of law, not having been taken at the time, presents no question. *Tecumseh Mills* v. *Sweet, etc., Co.,* 25 Ind. App. 284; Ewbank's Manual §24; §638 Burns 1894; *Hull* v. *Louth,* 109 Ind. 315, 58 Am. Rep. 405; *Brown* v. *Ohio, etc., R. Co.,* 135 Ind. 587; *Radabaugh* v. *Silvers,* 135 Ind. 605; *Medical College* v. *Commingore,* 140 Ind., 296, and cases there cited; *Fletcher* v. *Waring,* 137 Ind. 159.

It is not claimed by counsel that the facts are not correctly found. Upon the facts found the conclusions of law are right. No question is presented as to the correctness of the judgment, for it strictly follows the conclusions of law as stated. *Anglemyer* v. *Board, etc.,* 153 Ind. 217.

Complaint is made of the refusal of the court to permit certain witnesses, called by appellants, to testify. There is no bill of exceptions bringing the evidence into the record, nor is there any bill of exceptions reserving any question under the provisions of §642 Burns 1894. While this case was pending in the Supreme Court application was made for a writ of mandamus to compel the judge of the Miami Circuit Court to sign a bill of exceptions, and the writ was denied. *State, ex rel.,* v. *Cox,* 155 Ind. 593. What is there said as to the failure of the bill, if it had been signed, to present any questions for review, is applicable to the questions discussed by appellant's counsel on this branch of the case.

As the other errors assigned have not been discussed by counsel they are waived.

Judgment affirmed.