# Stewart *v.* Snider.

### Bill to Cancel Mortgage.

(Decided April 13, 1916.   Rehearing denied June 30, 1916.
72 South. 409.)

**Equity; Decree; Conformity to Pleading and Proof; General Relief.—** Where the bill was to have the mortgage cancelled as a cloud upon title, and also a deed made in pursuance of foreclosure under power, it being alleged that the mortgage was given to secure a debt for which complainant was a surety for her husband, and the proof was that the mortgage also secured a debt of complainant, a decree allowing complainant to redeem upon payment of the amount of her debt, was error, although there was prayer for general relief, as the pleading and proof did not correspond; and this is true notwithstanding the provision of § 3212, Code 1907.

APPEAL from Lawrence Chancery Court.
Heard before Hon. WM. H. SIMPSON.
Bill by Jennie S. Snider against Mattie L. Stewart to cancel certain mortgages and deeds as a cloud upon title, because given by the wife as surety for the debt of her husband.   Decree for complainant and respondent appeals.   Reversed and remanded.

TENNIS TIDWELL, and SAMPLE & KILPATRICK, for appellant.
No counsel marked for appellee.

SAYRE, J.—Complainant (appellee), a married woman, filed her bill to have certain mortgages upon her land and a deed made in pursuance of a foreclosure under the power contained in the mortgages canceled as a cloud upon her title, alleging that the debt secured by the mortgages was the debt of her husband, and that she was a mere surety.   Defendant denied the allegations of the bill.   The proof showed, as the chancellor correctly held, that the mortgages secured a debt of the husband and at the same time a debt of complainant.   The decree rendered allowed complainant to redeem upon payment of the amount of her debt, and ordered a reference to ascertain the amount.   The reference was held, the register's finding reported, and the report confirmed without exception.   This appeal followed.

The evidence taken in the court below very clearly points to the rights of the parties, and the decree ascertaining those rights

would have been proper had the power of the court to award that relief been appropriately invoked. It was not. The mortgages could not be canceled because they secured a valid debt of the complaint. But the foreclosure was improper because it proceeded in part as for the nonpayment of a debt which was not the debt of complainant, nor one for the security of which her property could be sold. Complainant's right, then, was to redeem as if there had been no foreclosure, offering to do equity in order that defendant might have a foreclosure by decree of the court if necessary. This right should have been brought forward by appropriate bill. Under section 3095 the bill might have been framed in the alternative as a bill to redeem. But it was not. It went wholly upon a theory of facts which did not authorize the relief granted, and relief has been awarded on proof of facts of which the bill contains no intimation. Nor was there a cross-bill under which a foreclosure might have been decreed. The prayer for general relief does not save the situation. Relief may be granted under the general prayer only when the relief is authorized by the facts averred.—*Rosenau v. Powell,* 173 Ala. 123, 55 South. 789; *McDonnell v. Finch,* 131 Ala. 85, 31 South. 594. The statute (Code, § 3212), which provides that, "on the submission of any cause for final decree, the chancellor may render decree granting such relief as the equity and justice of the case may require," was not intended to set at large all the rules of pleading nor the fundamental principle of all procedure which requires a substantial correspondence between allegations and proof, to the end that the record shall show the matter adjudicated and the court's jurisdiction to make the decree. The force of the section last quoted is contained in its further provision that the decree rendered may be "in favor of any one or more complainants, and denying relief to any one or more complainants and against any one or more defendants as they may be entitled under the facts," meaning the facts pleaded and proved; but that has no application in this cause. It would have been proper for the court, upon coming to an understanding of the facts, to set aside the submission with leave to the parties to so recast the pleading as to state the equities shown by the proof and authorize the decree indicated by the facts; otherwise the bill should have been dismissed.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.