(75 South. 335)

TEAL et al. v. PLEASANT GROVE LOCAL UNION NO. 204, FARMERS' EDUCATIONAL & CO-OPERATIVE UNION OF AMERICA. (8 Div. 983.)

(Supreme Court of Alabama. April 5, 1917. Rehearing Denied May 17, 1917.)

1. TRUSTS ⬤⚖1—NATURE AND ELEMENTS OF "TRUST."

In its simplest elements a "trust" is a confidence reposed in one person, by and for the benefit of another, with respect to property held by the former, for that other's benefit; and the person in whom this confidence is reposed and who holds the title to the property in question is the trustee, and the person for whose benefit the property is so held by the trustee is the cestui que trust, or, as formerly referred to in the Roman law, the fidei-commissarius.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 1.

For other definitions, see Words and Phrases, First and Second Series, Trust.]

2. TRUSTS ⬤⚖25(1)—CREATION.

No express words are necessary to the creation of a trust if the intention to create it appears.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 34, 35.]

3. TRUSTS ⬤⚖63¾—CREATION.

A trust may be inferred from the facts and circumstances of the case.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 91, 92, 98, 99, 100.]

4. TRUSTS ⬤⚖30½(1) — CREATION OF ACTIVE TRUST.

Where certain members thereof empowered and directed a farmers' union to hold stock in a warehouse corporation for the benefit of such members contributing to the purchase of the stock and collect and disburse the dividends accruing therefrom among them, an active trust was created in the trustee, and it was under the duty to protect the property for the benefit or use declared.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 41.]

5. TRUSTS ⬤⚖282—DUTY OF TRUSTEE.

It was the duty of such trustee, not only to hold the property for the beneficiary, but to disburse the proceeds to the beneficiary according to the terms or circumstances of the creation of the trust in and out of the estate.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 402.]

6. TRUSTS ⬤⚖356(1) — FOLLOWING TRUST FUNDS.

If a conveyance of all or any part of the trust property is made under mistake of fact by the trustee and to the prejudice of the beneficiary, such conveyed property is subject to the equitable rights of the beneficiary.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 529–538.]

7. TRUSTS ⬤⚖356(1) — FOLLOWING TRUST FUNDS.

Property impressed with a trust or the proceeds thereof may be followed so long as it can

---

be identified in the hands of subsequent holders who are not bona fide purchasers for value without notice.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 529–538.].

**8. TRUSTS ☞366(2)—SUIT TO REGAIN TITLE TO TRUST PROPERTY—PARTIES PLAINTIFF.**

Where it was claimed that a farmers' union holding stock of a warehouse corporation in trust for certain of its members had been induced by fraud to transfer the stock to defendants, the union, as trustee, was a proper party complainant to a suit to reinvest in such trustee the shares of stock.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 579, 580.]

**9. TRUSTS ☞366(2)—SUIT TO REGAIN TITLE TO TRUST PROPERTY — JOINDER OF PARTIES PLAINTIFF.**

In such suit, any one or all of the beneficiaries might join with the trustee as additional complainants in the bill, though they were ·not necessary parties to such a bill.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 579, 580.]

**10. TRUSTS ☞366(2) — SUIT BY TRUSTEE — JOINDER OF PARTIES.**

In such suit, even if members of the union were joined who had no interest in the subject-matter of a suit, defendants could not urge misjoinder, since the chancellor, on distribution, might render decree granting such relief as the justice and equity of the case might require in favor of any one or more of the complainants and denying relief to any one or more of the complainants, and against any one or more of the defendants as they might be entitled under the facts, under the express authority of Code 1907, § 3212.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 579, 580.]

**11. ASSOCIATIONS ☞19—ACTION BY ASSOCIATION.**

Defendants, in a suit by a farmers' union to be reinvested as trustee with title to stock claimed to have been fraudulently secured by defendants, could not be heard to question the right or capacity of the union, either as a corporation or as a charitable organization or association, to act as trustee, nor to maintain the suit·as complainant.

[Ed. Note.—For other cases, see Associations, Cent. Dig. § 29.]

**12. TRUSTS ☞374—SUIT TO REGAIN TITLE— BILL—ACCOUNTING.**

In suit by farmers' union and certain of its members to reinvest in the union as trustee for certain of its members shares of stock in a warehouse corporation, the matter of an accounting for the stock and the accrued dividends thereon on the part of the complainants to the several beneficiaries was not a proper question to be adjudicated.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 607–612.]

Appeal from Chancery Court, Marshall County; James E. Horton, Jr., Chancellor.

Bill by Pleasant Grove Local Union No. 204 of the Farmers' Educational & Co-operative Union of America, and certain individuals, against Z. M. Teal and others, to set aside and annul the transfer of certain stock, and to reissue same in the name of complainant, to determine who are interested in the shares, and their respective interest, and to require respondents to pay into court the full amount of dividends received. The chancellor decreed that the transfer of the two shares of stock be divested and revested in the Pleasant Grove Local Union, and pay the dividends collected thereon. From the decree respondents appeal. Affirmed.

The case made by the bill is: That the local union and certain members thereof subscribed for and purchased two shares of stock in the Farmers' Union Warehouse Company, a corporation doing business, and owning a certain warehouse in the town of Albertville, paying for the same the sum of $50 per share, and at the request of all the complainants said stock was duly issued to and in the name of the Local Union No. 204, which was to hold the said shares of stock in trust for the benefit and use of all those members of said local union who had contributed to the payment of said purchase price and collect any and all dividends that said stock might earn, and distribute the same among those contributing to the purchase price of same, according to their respective interests. That complainants in this case subscribed $5 each, and it was agreed and ordered at a regular meeting of the local union that the said two shares should be issued to the local union to be held by it as trustee for the use and benefit of those contributing, and that in pursuance of this agreement, the money was turned over to the committee, who purchased the said stock in the name of the local union, and said stock was duly issued by the Farmers' Union Warehouse Company, to the· local union. That during the year 1913, Z. M. and A. L. Teal, who were at that time members of the local union, by misrepresentation and fraud to the local union, procured the transfer of said two shares of stock to. themselves, said misrepresentation and fraud consisting in this: That at a regular meeting of the local union they represented to those· present that they had purchased the individual interest of all those not present who contributed to the purchase price of said shares, except one or two members, and had arranged to secure the interest of said one or two members, and that they were then the present owners of the several interests of those members not present, and thereby induced and procured one Andrew Sampson to sell them his interest in said stock, and procured said local union to transfer said two shares of stock to them, when as a matter of fact they had not purchased the individual interest in and to said shares of stock of quite a large number of the other members, among them being the complainant in this case. The next paragraph sets out the proceeding of the local union, whereby the stock was ordered transferred, and also the proceeding of another regular meeting of the local union, when a motion was made and passed annulling the transfer because of fraud, and requesting a return of the stock to the local union.

Street & Bradford, of Guntersville, for appellants. McCord & Orr, of Albertville, for appellee.

THOMAS, J. This is a bill filed by a trustee to protect the rights of the beneficiaries of the trust.

[1] In its simplest elements a trust is a confidence reposed in one person, by and for the benefit of another, with respect to property held by the former, for that other's benefit. The person in whom this confidence is reposed and who holds the title to the property in question is the trustee; and the person for whose benefit the property is so held by the trustee is the cestui que trust, or, as formerly referred to in the Roman law, the fidei-commissarius. Brown v. Brown, 83 Hun, 160, 164, 31 N. Y. Supp. 650; Carter v. Gibson, 29 Neb. 324, 332, 45 N. W. 634, 26 Am. St. Rep. 381; 3 Pom. Eq. Jur. § 1055; Deming v. Lee, 174 Ala. 410, 56 South. 921; Butts v. Cooper, 152 Ala. 375, 44 South. 616; Coleman v. Coleman, 173 Ala. 282, 55 South. 827; Hughes v. Letcher, 168 Ala. 316, 52 South. 914.

[2, 3] No express words are necessary to the creation of a trust if that intention appears. Gifford v. Rising, 51 Hun, 1, 3 N. Y. Supp. 392. It may be inferred from the facts and circumstances of the case. Coleman v. Coleman, supra; Butts v. Cooper, supra; O'Neal v. Greenwood, 106 Mich. 572, 582, 64 N. W. 511; Hedges v. Keller, 104 Ind. 479, 3 N. E. 832.

[4] To hold stock in a warehouse corporation for the benefit of the contributing purchaser and collect and disburse the dividends accruing therefrom among those who contributed to the purchase of the trust property is the creation of an active trust in the trustee (Green v. McCord, 30 Ind. App. 470, 66 N. E. 494; Repp v. Lesher, 27 Ind. App. 360, 61 N. E. 609), who should protect the property for the benefit or use declared.

[5-7] It is therefore the duty of such trustee, not only to hold the property for the beneficiary, but to disburse the proceeds to such beneficiary according to the terms or circumstances of the creation of the trust in and out of the estate. Gindrat v. Montgomery Gaslight Co., 82 Ala. 596, 2 South. 327, 60 Am. Rep. 769; Perry's Trusts (6th Ed.) § 2; 2 Story's Eq. Jur. (13th Ed.) § 965; 4 Kent's Com. 289. That is to say, to hold the property and to prevent the diversion thereof, or of the title thereto, to other use or parties not so declared or interested, and disburse it for the specific purposes of the trust. Black, Law Dict. If, therefore, a conveyance of all or any part of the trust property has been made under a mistake of fact by the trustee, and to the prejudice of the beneficiary of the trust fund, it is, of course, subject to the equitable rights of such beneficiary. Lewin on Trusts, page 572; Robinson v. Pierce, 118 Ala. 273, 24 South. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160; Brooks v. Greil Bros. Co., 192 Ala. 235, 244, 68 South. 874. And such property so impressed with a trust, or the proceeds thereof or of its sale, may be followed so long as it can be identified in the hands of subsequent holders who are not bona fide purchasers for value without notice. Brooks v. Greil Bros. Co., supra, and authorities there collected.

[8, 9] A careful consideration of the evidence convinces us that the correct conclusion was reached by the chancellor. The trustee was a proper party complainant to the suit, having for its purpose the reinvestment in such trustee of the two shares of stock. Any one or all of the beneficiaries may join with the trustee in a bill for such purpose. They are, however, not necessary parties to such a bill.

[10] If, however, members of the Union were joined who had no interest in the subject-matter of the suit or in the maintenance of the same, the chancellor may, on distribution, render decree granting such relief as the justice and equity of the case may require, in favor of any one or more of the complainants, and denying relief to any one or more of the complainants, and against any one or more of the defendants, as they may be entitled, under the facts. Code, § 3212; Zadek v. Burnett, 176 Ala. 80, 57 South. 447; Stewart v. Snider, 72 South. 409.[1] There is, then, no question of misjoinder to be considered, under the averred and proven facts.

[11] Of nonjoinder of parties complainant, it is sufficient to say that respondents Teal knew, or had knowledge of facts that warranted the inference that they knew, the conditions on which the stock was purchased and held by the union; and that it was acting as trustee for certain of its members or stockholders. They cannot be heard to question the right or capacity of the union, either as a corporation or as a charitable organization or association, to act as such trustee. Ex parte Hill, 165 Ala. 369, 51 South. 786; Harris v. Gateway Land Co., 128 Ala. 658, 29 South. 611; McDonnell v. Ala. Gold Life Ins. Co., 85 Ala. 401, 5 South. 120; Nat. Com. Bank v. McDonnell, 92 Ala. 387, 9 South. 149. Neither can said respondents question the right to maintain this bill to compel the cancellation of the reissue of stock by the Farmers' Union Warehouse Company to respondents Teal, and require the warehouse company to thereupon reissue this stock to the Pleasant Grove Local Union No. 204, and to further require the respondents Teal to account to the said trustee for the several sums paid the respondents by the warehouse company, as dividends on said stock, with interest thereon. The parties thus affected by the decree were properly before the court as complainants and respondents, and there was no nonjoinder of parties or of causes to the extent of the relief decreed by the chancellor.

[12] The matter of an accounting for the stock and the accrued dividends thereon, on the party of the complainants, to the several

[1] 197 Ala. 129.

beneficiaries, is not a proper question to be adjudicated in this suit. Webb v. Butler, 192 Ala. 287, 68 South. 369, Ann. Cas. 1916D, 815.

The chancellor's decree was confined to the proper relief to be granted under the pleading; and it is in all things affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.