# Small, *et al.* *v* Hockinsmith, *et al.*

*Bill to Require Settlement of Estate, to Enforce a Trust and to Declare the Interest of Complainants.*

(Decided Dec. 18th, 1908. Rehearing denied Feb. 5th, 1909. 48 South. 541.)

1. *Contingent Remainders; Conveyance of; Wills.*—Where a testator devised lands and other property to one for life, with remainder over to two others, the interests of the remainders to be divested in the event of death without issue of the remaindermen pending the life estate, such divested interest to pass to the other surviving remaindermen, a conveyance by one of the remaindermen to the life tenant of her interest in the property passed no title, since the interest attempted to be conveyed was contingent upon the grantee surviving the life **tenant.**

2. *Trusts; Creation; Constructive Trusts; Conversion of Property.*—Where the life tenant takes possession of personal property and invests it in realty, the life tenant becomes the quasi trustee for the remaindermen, as to the sum invested, and cannot destroy their rights in the corpus of the trust estate not consumed in the using.

3. *Trusts; Following Trust Property; Remaindermen; Conversion by Life Tenant.*—Where the life tenant takes possession of the personalty and invests it in realty, the remainderman can elect to take

the realty at its enhanced value, in lieu of the funds invested, provided the rights of innocent purchasers for value have not intervened.

4. *Same; Action by Remaindermen; Limitations and Laches.*—Since the statute of limitations does not apply to parties so relationed, acquiescence by the remaindermen for the prescriptive period of twenty years must be shown to bar the remainderman from the right to maintain a bill to enforce her election to take the realty, where the life tenant, who is also Executrix, has converted the personalty into realty without making any settlement of the estate, thus becoming trustee for the remainderman.

5. *Same; Laches.*—The life tenant, after conversion of the personalty of the trust estate into realty, and a recognition of its trust character, cannot assert that the remainderman acquiesced for a long period of time, short of twenty years, so as to bar the remainderman from asserting the right to take the realty instead of the fund invested therein; the life tenant's heirs and devisees stand in the same position.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by Mary L. Hockinsmith and others against William H. Small, individually and as administrattor of Sarah M. Cooner, deceased, and others. From a decree overruling demurrers to the bill and adjudging pleas thereto insufficient, defendants appeal. Affirmed.

ARRINGTON & HOUGHTON, for appellant. The trust sought to be established is a constructive trust.—3 Pom. Eq. sec. 1049; *Nettles v. Nettles*, 67 Ala. 599. Under the allegations of the bill, the complainant has three distinct remedies. 1st, to hold Mrs. Cooner or her estate liable as for a conversion. 2nd, to follow the money into the land and to assert a lien thereon. 3rd, a trust of the legal estate may be asserted.—*Long v. King*, 117 Ala. 423. Demurrer No. 1, should have been sustained.— *Winston v. Mitchell*, 87 Ala. 395; *Bibb v. Hunter*, 79 Ala. 351; *Tilford v. Torey*, 53 Ala. 120. It was the duty of Mrs. Cooner, to sell such of the property as was perishable, and either keep the proceeds safely or invest it in permanent form.—*Harrison v. Foster*, 9 Ala. 955; *Bartlett v. Patton*, 5 L. R. A. 523; 2 Williams on Execu-

tors, 1257. The demurrer to the 9th paragraph of the bill should have been sustained.—*Nettles v. Nettles, supra; Henry v. Legg,* 129 Ala. 619. An implied trust is barred in ten years.—*Nettles v. Nettles, supra; Bracken v. Newman,* 121 Ala. 311; *Martin v. Kelly,* 132 Ala. 201. The fact that complainant's estate was in remainder does not alter the rule.—*Bass v. Bass,* 88 Ala. 408; *Robinson v. Pearce,* 118 Ala. 273; *Fariss v. Stoutz,* 78 Ala. 130.

GUNTER & GUNTER, and C. P. McINTYRE, for appellee. The bill is for specific property, and the statute of non-claim has no application.—*Smith v. Gilliam,* 80 Ala. 296; *Duval v. McClosky,* 1 Ala. 708; *Locke v. Palmer,* 26 Ala. 312; *Rhodes v. Hanna,* 66 Ala. 215; *Mahone v. Haddock,* 44 Ala. 92. Trust money invested by a life tenant or other trustee may be followed as long as it can be identified, and until it passes into the hands of a bona fide purchaser for value without notice, and then the proceeds of such investment may be charged against the party making the conversion.—*Thomas v. Herbert,* 61 Ala. 340; *Tilford v. Torrey,* 53 Ala. 120; *May v. Leclere,* 11 Wall. 217; *National Bank v. Insurance Co.,* 104 U. S. 70. The pleas are in the alternattive, and are, therefore, bad.—*Bank v. Tyson,* 133 Ala. 477; 16 Ency, P. & P. 607.

McCLELLAN, J.—R. H. Cooner by his last will and testament created in his estate a life estate in his surviving widow, and remainder in Mary L. Hockinsmith and Mary E. Le Sage, subject to divestiture by the death, pending the life estate, of one of such remaindermen without issue, and the investiture, under that condition, of the remainder in the survivor of such remaindermen. The life tenant, Mrs. Cooner, in 1889 became, it appears, the grantee of all the interest of Mary

E. LeSage, in the estate of R. H. Cooner. In order that any interest of Mary E. Le Sage should have passed to Mrs. Cooner by that conveyance, Mary E. La Sage must have survived Mrs. Cooner, who died in May, 1906. If Mary E. Le Sage died without issue before Mrs. Cooner died, the remainder devised to her was divested, and passed to Mrs. Hockinsmith, the original complainant; the conveyance to Mrs. Cooner being vain in the transmission of an interest or estate in the property. But, if Mary E. Le Sage survived Mrs. Cooner, the remainder of Mary Le Sage became indefeasible, and passed to Mrs. Cooner, and was devised by her to the cross-complainant. As these considerations indicate, the controlling inquiry is when Mary E. Le Sage died, if she is in fact dead, as the original bill alleges, which allegation is denied by the cross-bill. Such was the view of the court below, and we aprove it.

The original bill proceeds on the idea that Mary E. Le Sage died without issue pending the life estate, and hence the conveyance to Mrs. Cooner carried no interest or estate of Mary E. Le Sage. If so, the bill's theory that Mrs. Hockinsmith became entitled, as the surviver, to the defeated remainder of Mary E. Le Sage, and the devise of Mrs. Cooner to Russell Hockinsmith, the cross-complainant, was a nullity, and the original complainant could follow the converted (by the life tenant) substance of the remainder and establish a trust therein, must be sustained. The cross-bill, predicated upon the theory that the remainder of Mary E. Le Sage became indefeasible by her survival of the life tenant, Mrs. Cooner, and hence passed to Mrs. Cooner the Le Sage remainder, under the conveyance executed in 1889 to Mrs. Cooner, thus clothing Mrs. Cooner with the estate deversed to Russell Cooner Hockinsmith, the cross-complainant, is likewise, on those conditions,

sound; and we affirm that conclusion of the city court.

Necessarily, neither the original nor cross bill is, on its face, without equity, nor are they subject to the demurrers interposed.

From the original bill it appears that the personal assets of the estate of R. H. Cooner were taken in possession by the life tenant as such and that she invested those assets in realty. We are not prepared to hold that a resulting trust in the realty so purchased, in favor of the remaindermen, was created. However, we are clear to the point that the life tenant was at least a quasi trustee for the remaindermen; the corpus of the trust estate being the sum so invested.—16 Cyc. pp. 616, 617, and notes thereon. The life tenant was powerless to destroy, by any act of hers, the rights of the cestuis que trust to the corpus, not consumed in the using, of the trust estate, and the investment of it in realty clothed the remaindermen with the right to elect to take the realty, whether enhanced in value or not since the purchase, in lieu of the funds so invested, provided the rights of innocent purchasers for value and without notice have not intervened.—*May v. Le Clair*, 11 Wall. 217, 236, 20 L. Ed. 50; 1 Perry on Trusts, § 127; *Thames v. Herbert*, 61 Ala. 340, 346; *Tilford v. Torrey*, 53 Ala. 120.

In the original bill, after alleging the conversion by Mrs. Cooner of funds and assets of R. H. Cooner in which she had a life estate only, which conversion was accomplished, it is alleged, by the purchase of certain real estate, it appears that, "nowithstanding the deeds were so taken in her (Mrs. Cooner's) own name, the said Sarah M. Cooner recognized that the said lands so bought by her with assets of the said estate of Russell H. Cooner were trust property held under the will of the said Cooner." Plea 1, adjudged insufficient below,

avers that the aforesaid purchases—"conversions"—were accomplished in 1887, though the deeds were not recorded until May 17, 1888; that complainant has acquiesced in the condition of such title, and the ownership and control of such lands, up to the filing of the bill (February, 1907). Wherefore, it is averred, the complainant is barred in the premises, first, by the statute of limitations of 10 years; second, by laches and staleness of her demand. It is alleged in the bill that Mrs. Cooner, executor of the will of R. H. Cooner, deceased, never made any inventory of the estate of R. H. Cooner, deceased, nor had any final settlement of her administration of that estate, and that at the time of the death of R. H. Cooner (1896) complainant and Mary E. Le Sage were young girls, without advice and without any knowledge of the trust for them in the hands of Sarah M. Cooner.

*Bass v. Bass,* 88 Ala. 408, 7 South. 243, would be a decision in immediate point, but for at least two facts, absent in that case and present in this, viz: First, in *Bass v. Bass* it was not averred that the administratrix had not made settlement of her administration, thus warranting, as was held, the presumption, after more than 20 years, that such settlement had been had, and that the administratrix had been charged as for a devastavit for the conversion, by investment of the funds in land, taking title in the name of the life tenant (administratrix) in the funds so converted; second, that there was in *Bass v. Bass* no allegation of recognition of the trust character, for the benefit of the remaindermen, in which the life tenant held the lands. These are, in our opinion, factors qualifying *Bass v. Bass* as authority on the present appeal. A careful consideration of that opinion convinces that that decision was controlled by those factors. However, and notwithstanding the observations just made, *Bass v. Bass* does affirm as an essential basis

.of the conclusion, that the remaindermen is not post-poned in right to elect to take lands bought with con-verted funds, in lieu of the funds, to the falling in of the life estate, but that such right accrues and is exercisable upon the act of conversion. The foundation of the doc-trine restated as from *Bass v. Bass,* is laches—acquies-cence, for the prescriptive period of 20 years or more—and not the statute of limitation. These statutes are grounded upon a hostility of claim and possession not possible between patries relationed, in estates, as these parties were.—*Gindrat v. Western Ry. of Ala.,* 96 Ala. 162, 11 South. 372, 19 L. R. A. 839; *Henry v. Legg,* 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81.

The laches attempted to be asserted by plea 1 is not distinguishable in principle from that ruled upon and denied pleaded efficacy in *Haney v. Legg, supra.* As seen, the original bill alleges that she recognized the trust character of the purchased lands and held them as subject, by her substitution, to the provisions of R. H. Cooner's will. The effect of such recognition would clearly forbid the assertion by Mrs. Cooner herself of the laches imputed by the pleader in plea 1. Her suc-cessors in asserted right can enjoy no greater immunity than she could have enjoyed. In *Haney v. Legg* the hus-band's recognition of the ownership of the land, notwith-standing the conveyance was in fee to him, was with his wife, and with reference to this phase of the matter it was said: "It cannot be held, in the face of this state-ment, when weighed in connection with the relation that existed between them, that she was negligent in not in-specting the record of the conveyance for the purpose of ascertaining to whom it was made. Neither can it be held that she omitted or neglected asserting her equity against him, believing as she did, and as she had a right to do, that the title was in her or in him as trustee

for her. After lulling her into a sense of security by this statement, it would be unconscionable to permit his representative or heirs at law to take advantage of her inertness in the discovery of the true state of the legal title, and to defeat her in the assertion of her equity within a reasonable time after discovering its existence."

Here the conversion of the funds clothed the remaindermen with the right to elect to claim the land in lieu of the money. The life tenant had no power to qualify or defeat that right. Mrs. Cooner's recognition of a status consistent with an exercised right of this election was an invitation to forbear such exercise by the remaindermen, by appropriate action otherwise, of the election to take the land in lieu of the funds, if, indeed, the acquiescence averred did not effect to in fact so conclude an election by the remaindermen to that end. To now sanction the pleaded laches as asserted by her representative, heirs at law, or devisees would be to conclude the remaindermen in consequence of an acquiescence for a great period, short, however, of 20 years, plainly invited by an assurance on the part of Mrs. Cooner, and against which assurance the representative, heirs at law, or devisees cannot prevail as upon such invited acquiescence.

In the respects indicated, plea 1 does not answer the bill; and it was, accordingly, properly ruled to be insufficient.

Plea 2 is directed to allegations stricken by amendment, thus, in effect, eliminating it.

The decree appealed from is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.