# Coleman, et al. v. Coleman, et al.

*Bill for Accounting, and to Declare a Trust.*

(Decided June 13, 1911.   55 South. 827.)

1. *Tenancy in Common; Termination; Foreclosure of Mortgage.*— The foreclosure of a mortgage on property owned by tenants in common, or a failure to redeem before the expiration of the period allowed, vested the title in the purchaser and terminated the tenancy in common and all the rights of persons claiming as co-tenants.

2. *Trusts; Resulting Trusts.*—The fact that a tenant in common in possession promised to pay certain debts and advanced money to the common source of title, for which such tenant was given a second mortgage on the land, and out of such advances the first mortgage was to be satisfied, and the first mortgage was foreclosed, and after the time to redeem had expired, the mortgagee having purchased at the sale, conveyed to the promising tenant, the lands so purchased, who then mortgaged the land to secure his own debt, was not sufficient to raise a resulting or constructive trust in the land.

[Coleman, et al. v. Coleman, et al.]

3. *Same; Creation; Persons in Possession; Recognition of Trust Character.*—Where a trust is regularly fixed on land, the fact that the person in possession recognizes the trust character thereof is important in determining the question of laches, but is not effective to fix a trust on the land where none previously existed.

4. *Same; Oral Agreement.*—An oral agreement by a tenant in common in possession to advance money to pay a mortgage on the common property and other debts of a common source of title is not sufficient to create a trust on the land.—(Sections 3412 and 4289, Code 1907.

APPEAL from Autauga Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Kate Coleman and others, against Claude Coleman and others, for an accounting, and to declare a trust. From a decree sustaining demurrers to the bill, complainants appeal. Affirmed.

W. A. GUNTER and A. A. EVANS, for appellant. The right, if any, is against the legal title, and therefore, equitable, and must be asserted in equity.—*Berry v. Webb*, 77 Ala. 507; *Donnor v. Quartermaster*, 90 Ala. 164; 1 Pomeroy, 137. Being in possession the co-tenant could not change his tenancy without notice to the other tenants.—*Ashford v. Ashford*, 136 Ala. 632; *Walker v. Wyman*, 157 Ala. 478; *Alexander v. Wheeler*, 69 Ala. 340; *Parks v. Barnett*, 104 Ala. 443. A sale without a debt is void, and a mortgage is dead as to right and title when the debt is paid.—Sec. 4899, Code 1907. If there is a debt, and the requirements of the sale are not observed, the sale is void as to the mortgagors and his heirs.—*Sanders v. Askew*, 79 Ala. 443; *Wood v. Lake*, 62 Ala. 489. The purchase of Claude of the legal title inured to the benefit of his co-tenants.—*Bailey v. Campbell*, 82 Ala. 342; *Howse v. Due,* 90 Ala. 184; 23 Cyc. 492; 45 Cent. Dig. 2669. A co-tenant out of possession may rest on the possession as being for all until an actual ouster is shown.—*Williams v. Avery*, 38 Ala. 115. The trust character was recognized.—*Hockensmith v.*

[Coleman, et al. v. Coleman, et al.]

*Small*, 158 Ala. 232. The bill appears to be perfectly free from every objection, and laches never applies to a period short of the statute of limitations.—*First Nat. Bank v. Nelson*, 106 Ala. 535; *Scruggs v. Land Co.*, 86 Ala. 172; *Shorter v. Smith*, 56 Ala. 208. The bill was not multifarious.—Section 3095, Code 1907.

RAY RUSHTON and W. M. WILLIAMS, for appellee Georgia Loan & Trust Company, WILLIAM H. & J. R. THOMAS and EUGENE BALLARD, for appellee C. E. Thomas. The complainants are not in possession, and cannot maintain the bill to remove cloud from title.—*Rhea v. Longstreet*, 54 Ala. 29; *Daniel v. Stewart*, 55 Ala. 278. One tenant in common cannot maintain an action against another tenant in common for use and occupation.—*Fielder v. Childs*, 72 Ala. 567. Courts of equity obey and apply in suits in equity the limitations provided for in the Code.—*Johnson v. Johnson*, 5 Ala. 90; *James v. James*, 55 Ala. 525. The bill shows on its face that complainants' claim to title had been lost by an adverse holding of ten years under color of title, and that the right of action is barred by the statute.—Sec. 2830, Code 1907; *Ambercrombie v. Baldwin*, 15 Ala. 363; *Moulton v. Henderson*, 62 Ala. 426; *Fielder v. Childs, supra; Hamby, v. Folsom*, 42 So. 548; *Crampton v. Rutledge*, 47 So. 214. No recognition of the trust character is shown.—*Berry v. Laveratta*, 63 Ala. 374; *Phillipi v. Phillipi*, 61 Ala. 41; *Fowler v. Ala. I. & S. Co.*, 163 Ala. 417. The bill falls far short of being a good bill for partition.—*Russell v. Beasley*, 72 Ala. 190; *Berry v. Tennessee Co.*, 134 Ala. 618. Equity will not grant relief because complainait's claim is stale.—*Nettles v. Nettles*, 67 Ala. 599; *James v. James*, 55 Ala. 525; *Harrison v. Heflin*, 54 Ala. 552; *Phillipi v. Phillipi*, 61 Ala. 41; *Greenless v. Greenless*, 62 Ala. 330;

[Coleman, et al. v. Coleman, et al.]

*Gordon v. Ross,* 63 Ala. 363, 367; *Abernathy v. Moses,* 73 Ala. 381; *Heflin v. Ashford,* 85 Ala. 125; *Duncan v. Williams,* 89 Ala. 341; *Willis v. Rice,* 141 Ala. 168, 174. The bill clearly shows on its face that the complainants have no legal or equitable interest in the property, either jointly or severally.—*Lewis v. Robinson;* 10 Watts 354; 29 Pa. St. 137; 50 Ia. 192; 13 Barb. 561.

SIMPSON, J.—The bill in this case was filed by the appellants, alleging that on January 12, 1895, Elizabeth S. Coleman, who was the mother of some of the complainants and of the respondent Claud Coleman and the grandmother of the other complainants, died intestate; that said intestate owned the land in controversy; that in 1887 she had executed a mortgage on said lands to the New England Mortgage Company, which mortgage, on the 14th day of December, 1894, covered an indebtedness of $700; that on said last-named day said intestate executed a mortgage to said respondent Claud Coleman for nominally $1,300, due by promissory note of that date; that at the death of said intestate said Claud Coleman went into possession of the land as tenant in common with the other heirs which he has held to and including 1907 and has had the use and benefit of the results of said land ever since (about 15 years); that the nominal $1,300 note was intended to cover money thereafter to be paid by said Claud Coleman which was never paid, or, if there really was any amount paid, it was more than offset by the value of the rents, while said tenant in common was in the possession, to wit, during the years 1895, 1896, and 1897, so that in September, 1907, nothing was due on said mortgage of December 14, 1894, on which day said Claud Coleman undertook to foreclose said mortgage; that the proceedings for said foreclosure were not in accordance

with the terms of the mortgage, but at said sale mortgagee bought the property; that, on the 21st day of September, 1897, said New England Mortgage Company foreclosed its mortgage and purchased the property; that afterwards, on the 23rd day of January, 1901, said New England Mortgage Company, for a consideration of $891, conveyed said property to said Claud Coleman, who had been in possession since January, 1895, enjoying the use and occupation thereof; that up to and after said purchase said Claud Coleman never pretended that said land belonged to him, but recognized the rights of said cotenants in common, and that said purchase inured to the benefit of his said cotenants; that on December 1, 1902, said Claud Coleman mortgaged said lands to the Georgia Loan & Trust Company for $3,500, and on November 29, 1907, conveyed the lands to C. E. Thomas and Major M. Smith, whose heirs, together with said Thomas, are the other respondents to the bill; that the consideration of said sale was the assumption by said Thomas and Smith of said mortgage debt to said Georgia Loan & Trust Company of $3,500, and the security of about $3,500, due by said Claud Coleman to said Thomas and Smith and to third persons, "taken up by said Thomas and Smith for said Claud Coleman; that said transaction was intended to be a security for money, and not an absolute deed; that neither said Thomas and Smith nor said Georgia Loan & Trust Company is a bona fide purchaser without notice; that said Thomas and Smith took up and assumed for said Claud Coleman a debt held by the Prattville Mercantile Company, of $3,500, as part of the consideration of said deed, which was composed largely of usurious interest, of which Thomas and Smith had notice;" that "the conveyances of said Georgia Loan & Trust Company and to Thomas and Smith in equity operate only on the one-

fifth interest in said lands held and owned by Claud W. Coleman, since neither of said conveyances were taken without notice of the claims and rights of complainants in and to said lands."

The prayers of the bill are that complainants be decreed to be entitled to such interest in said lands as if the mortgages and deeds had never been made; that an account be stated between said Claud Coleman and complainants, charging him with rents and profits, use and occupation, and waste; that any balance found to be due by said Claud W. Coleman be applied to reimburse him for amount paid out in acquiring the outstanding title, etc.; that an account be taken of the amount due to said Georgia Loan & Trust Company and said Thomas and Smith, and the same be held to be a lien on the one-fifth interest of said Claud W. Coleman in said lands, and that the shares of complainants be free of all lien or incumbrance, and that said lands be sold for division. This bill was filed December 13, 1910.

A demurrer to the bill was sustained, and an amendment was filed, adding a section alleging that said Claud Coleman, at the time of the execution of the mortgage to him, December 15, 1894, agreed to advance the money necessary to pay off the New England Company mortgage, which was the consideration of said mortgage to Claud Coleman; that it was his duty to pay said mortgage and protect the estate; that, in making the purchase, said Coleman merely discharged his duty, etc. The demurrer to the bill as amended was also sustained, and it is from that decree that this appeal is taken.

It will be observed that the New England Mortgage Company regularly foreclosed its mortgage, buying the property at the sale under the mortgage, and that after the time for redemption had expired, the title to the property having vested absolutely in said New England

Mortgage Company, it sold the same to Claud W. Coleman. Upon the sale and purchase by said company, the tenancy in common ceased, if it ever existed, and whatever might have been the rights of the complainants, if Claud W. Coleman had redeemed the property before the expiration of the two years allowed for redemption, certainly there was no tenancy in common after the property had become absolutely vested in said company, without any right of redemption. Each former tenant in common (if they had been such) had an equal right to purchase that property, just as might have been done in any other property in which they had no title or right. The reciprocal rights of tenants in common necessarily cease when they cease to be tenants in common.

In addition to this the complainants had notice that Claud W. Coleman was claiming the property, in his own right, whether the sale was regular or not when he bought the property on foreclosure of his mortgage, December 14, 1894; they had notice that on the 21st day of September, 1897, the New England Mortgage Company had foreclosed its mortgage and bought the property at such sale, yet they made no effort to redeem, and did not even (in so far as there are any allegations in the bill) request the said Claud Coleman to advance the money to redeem the land, but waited until after the title to the property had become vested absolutely in said New England Mortgage Company, after said company had sold the property, on January 23, 1901, to said Claud Coleman, after he had mortgaged it for a present debt to the Georgia Loan & Trust Company, December 1, 1902, after he had sold the property to Thomas and Smith, on November 29, 1907, and for more than three years beyond that time, before filing the bill in the present case.

[Coleman, et al. v. Coleman, et al.]

This court has said, even in referring to a case where one tenant in common had redeemed, "In ordinary cases, such as this is, by analogy to the term fixed for the exercise of the statutory right of redemption, two years is the limit of time within which election by a cotenant should be made, in order to avail himself of the redemptioner's act."—*Savage et al. v. Bradley,* 149 Ala. 169, 173, 43 South. 20.

The facts as stated in the bill are not sufficient to raise either a resulting or a constructive trust in the land.—*Butts v. Cooper,* 152 Ala. 375, 44 South. 616. And the verbal agreement could not have the effect to create a trust on the land.—Code 1907, §§ 3412 and 4289; *D. K. Caldwell et al. v. E. H. Caldwell et al. infra,* 55 South. 515. In fact the agreement as set out in the bill does not indicate any intention to fix a trust on the land, but is obviously a mere personal promise by Claud Coleman to loan money to his mother.

It is true that, where there is legally fixed a trust on lands, the fact that the party in possession recognized the trust character of his possession may be important in determining the question of laches, yet such recognition could not fix a trust on the lands, where none existed before. This is the distinction between such cases as *Small et al. v. Hockinsmith et al.,* 158 Ala. 234, 48 South. 541, and the present case.

The decree of the court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.