(135 So. 171)

## ALABAMA MACHINERY & SUPPLY CO. v. BAKER.

### 5 Div. 57.

Supreme Court of Alabama.

May 21, 1931.

Rehearing Denied June 18, 1931.

Lawrence F. Gerald, of Clanton, and A. H. Arrington, of Montgomery, for appellant.

Gregory Reynolds and Omar L. Reynolds, both of Clanton, for appellee.

ANDERSON, C. J.

The only point made by appellant upon this appeal is that the tax title under which Tabor held was invalid because Taber was the president and, in fact, the alter ego of the Flaketown Company, the owner of the land, when sold for taxes and it being his duty to pay the tax or redeem the land, the purchase made by him from Foshee should have inured to the benefit of his principal, the Flaketown Company. No point is made against the regularity of the tax proceedings or the superiority of the appellee's title, except for the fact that the purchase by Taber was for the benefit of the Flaketown Company and operated as a payment of the tax or a redemption and had the legal effect of canceling the tax title. It seems to be a well-settled principle that a purchase at a tax sale or redemption from same by a tenant or by one who occupies the position of agent of the owner, tenant for life, etc., is but the payment of the tax or

redemption of the property and inures to the benefit of the owner. Bailey v. Campbell, 82 Ala. 342, 2 So. 646; Scott v. Brown, 106 Ala. 604, 17 So. 731. It seems, however, that this rule does not obtain if the relationship is destroyed or expired as by a foreclosure of the mortgage and the expiration of the time for redemption, or by a sale for taxes and expiration of the time within which to redeem. Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Coleman v. Coleman, 173 Ala. 282, 55 So. 827; Sadler v. Jefferson, 143 Ala. 669, 39 So. 380; Farris & McCurdy v. Houston, 74 Ala. 162. The purchase from Foshee by Taber was after the right to redeem from the tax sale had expired and said purchase cannot be therefore treated as a payment or redemption by Taber for the benefit of the Flaketown Company.

The trial court having erred in giving the general charge for the appellant properly granted the motion for a new trial, and the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.