87 So.2d 839

Rose E. GIVENS, Adm'x, et al.

v.

C. A. MOULTON.

3 Div. 734.

Supreme Court of Alabama.

March 22, 1956.

Rehearing Denied and Petition for Certiorari Dismissed June 14, 1956.

Leon G. Brooks, Brewton, for appellee.

Windell C. Owens, Monroeville, and Hugh Rozelle and Joseph R. Tucker, Atmore, for appellants.

PER CURIAM.

This appeal is by Rose E. Givens as administratrix of the estate of James A. Givens, deceased, and by Charles A. Givens, Robert H. Givens and Susie Kate Tatum from a final decree in equity, wherein C. A. Moulton is complainant, and appellants together with Gerald Stanley Givens are respondents and cross complainants. Gerald Stanley Givens did not appeal nor join in the assignments of error. The other heirs of James A. Givens are respondents in the bill, but cross complainants claim to have acquired those interests in the land involved, except that of Louise Givens

claimed by C. A. Moulton and the interest of Rose Marie Givens Jeffery.

This litigation has been in court since August 7, 1937, when an original bill of complaint was filed by C. A. Moulton against the heirs of James A. Givens, deceased, seeking a sale of certain land owned by him at the time of his death. He died in 1921 and left surviving a widow Rose E. Givens, three adult children and six minor children. The adult children were Bertha Givens Moll (wife of Herman Moll), Angelyne Givens Taylor and Charles A. Givens; the minors were Rose Marie Givens (Jeffery), Lillian Mozelle Givens, Robert Henley Givens, Susie Kate Givens (Tatum), Gerald Stanley Givens and Louise Givens (Jones). Rose E. Givens was appointed administratrix of the estate and guardian of the minors.

On June 26, 1926 Rose E. Givens, individually and as administratrix and guardian, together with the three adult children, borrowed money from the Wiggins Estate Co., Inc., to pay taxes and expenses, and executed a mortgage covering a tract of land which was a part of that owned by James A. Givens at the time of his death. We shall designate this tract as parcel "A".

On August 14, 1928 one of the heirs Louise Givens (Jones) executed a mortgage on her ⅑th interest in all the land, both parcels, to complainant and one C. P. Smith. This mortgage was foreclosed on October 19, 1929, at which time complainant and C. P. Smith became the purchasers.

On February 25, 1930 a bill in equity was filed by the Wiggins Estate Co., Inc., to foreclose the mortgage which it had taken on June 26, 1926. That bill made as parties all the heirs of James A. Givens and his widow, individually and as administratrix and as guardian, including Louise Givens, although at that time she had no interest in the land, except a statutory right of redemption, for her interest was then owned (subject to that right) by complainant and C. P. Smith who were not made parties to the suit. That suit involved parcel "A" only, since parcel "B" was not covered by the mortgage. On January 21, 1936 a decree was rendered holding all the heirs,

except Louise Givens, personally liable for the debt (being for necessaries). The decree ascertained the amount due and ordered a foreclosure of the mortgage. The debt not having been paid the land was sold, as ordered, and Wiggins Estate Co., Inc., became the purchaser at a sum less than the debt. On April 21, 1936 a deficiency judgment was rendered for the balance of the mortgage debt left unpaid after crediting the purchase price. That decree did not include Louise Givens who at the time had no interest in the land sold under foreclosure of the mortgage as her statutory right of redemption had expired. On July 10, 1937 complainant Moulton acquired the interest of C. P. Smith in said ⅑th interest of Louise Givens.

As said above, the original bill in the instant case was filed by Moulton on August 7, 1937. He then owned ⅑th interest in both parcels "A" and "B". He sought a sale for division of both parcels, and made the Wiggins Estate Co. a party. On May 10, 1938 the Wiggins Estate Co. conveyed its interest in parcel "A" to complainant Moulton. On August 1, 1938 an execution was issued on the deficiency judgment against the heirs of James A. Givens, parties to the foreclosure suit but not including Louise Givens (Jones). The execution was levied on parcel "B" as the property of defendants in the execution. There was a sale of it under that levy and complainant Moulton became the purchaser, and a sheriff's deed was executed to him on October 10, 1938. The deficiency judgment had been assigned to him by Wiggins Estate Co.

On September 13, 1940 complainant Moulton filed an amended bill in the instant case, which changed its purpose, alleging that he was the owner of both parcels "A" and "B" and in the peaceable possession. The amended bill contained the necessary allegations to comply with the statute to quiet the title, and called upon all the heirs, who were already parties, to assert their claim. This bill lay inactive pending other proceedings which we shall now relate.

On August 26, 1941 a bill of complaint in the nature of a bill of review, under

Equity Rule 66, was filed in equity by Rose Marie Givens (Jeffery), Lillian Mozelle Givens (Greer), Robert Henley Givens, Susie Kate Givens and Gerald Stanley Givens against Wiggins Estate Co. and C. A. Moulton. It prayed that the decree rendered in the foreclosure suit of January 21, 1936, and the deficiency judgment rendered April 21, 1936 be reviewed, reversed, annulled and set aside: also that the deed executed on April 29, 1936 by the register to the Wiggins Estate Co., and the deed from Wiggins Estate Co. to C. A. Moulton dated May 10, 1938, together with the deed of October 10, 1938 from the sheriff to C. A. Moulton be cancelled and held for naught. Demurrers were separately filed to that bill by C. A. Moulton and Wiggins Estate Co. on the ground, among others, that the right to such a bill in the nature of a bill of review was barred by the three-year limitations of Equity Rule 66. The court sustained the demurrer as to Rose Marie Givens Jeffery, Lillian Mozelle Givens Greer, Robert Henley Givens and Susie Kate Givens Ownes, and overruled it as to Gerald Stanley Givens. Thereupon, on June 12, 1943 the circuit court decreed that the land involved in that suit, consisting of both parcels "A" and "B", was at that time jointly owned by complainant Gerald Stanley Givens and C. A. Moulton the respondent in that suit. That Gerald Stanley Givens was the owner of "an undivided ⅛th interest and that C. A. Moulton owned an undivided ⅞ths interest". It reversed, annulled, set aside and held for naught as to Gerald Stanley Givens the decrees of that court rendered January 21, 1936 and April 21, 1936, respectively. It also annulled and declared void as to Gerald Stanley Givens the deed executed by the register to Wiggins Estate Co. on April 29, 1936, and the deed from Wiggins Estate Co. to C. A. Moulton dated May 10, 1938, and the deed from the sheriff to W. A. Moulton dated October 10, 1938.

On appeal taken by Wiggins Estate Co. and C. A. Moulton from that decree, Wiggins Estate Co. v. Jeffery, 246 Ala. 183, 19 So.2d 769, 776, this Court held that the foreclosure proceedings were valid affecting parcel "A" (1,684 acres), and con-firmed in Moulton the "⅛th interest" of Gerald Stanley Givens in that parcel, as well as the interest of all the others. And also held that as to parcel "B" (1,650 acres) the deficiency judgment of the circuit court was corrected and modified so as to decree that the deficiency judgment is excessive as against Gerald Stanley Givens as to the entire amount thereof, except the sum of $48.49 which operates to vacate the sale under execution issued on the judgment insofar as Gerald Stanley Givens is concerned; "but relief will not be granted him on that account except upon condition that he shall do equity by paying into the registry of the circuit court in equity said sum of $48.49 within thirty days from this date. If he shall pay said sum without interest, as above authorized, the sale of his interest in the 1,650 acres under execution for the deficiency shall stand vacated and held for naught".

The instant suit was tried on the amended bill filed September 13, 1940, and remained inactive until after the litigation referred to above had terminated. Many answers and cross bills were filed, most of them being impertinent, but the rulings on them were not assigned as error. On September 26, 1953 a rewritten answer and cross bill was filed after demurrer had been sustained to the one previously filed. Demurrer was also interposed to the rewritten answer and cross bill, but no ruling had on it. Another answer and cross bill was filed December 1, 1953, to which the demurrer was refiled. On February 8, 1954 a decree was rendered sustaining the demurrer to the "cross bill", without designation. The assignment of error (No. 3) in that respect is to the ruling on demurrer to the "cross bill as amended on September 26, 1953". There is no other assignment of error to rulings on demurrer.

The cause came on for hearing on final decree on December 6, 1954. Testimony was taken orally in open court. The decree recites the case was submitted on bill of complaint as last amended May 16, 1951 (we find no such amended bill in the record), and the answer of defendants as last amended December 2, 1953 (that probably refers to the amendment filed December

1, 1953). The final decree on that submission was that C. A. Moulton, the complainant, owned "an undivided ⅞ths interest" and Gerald Stanley Givens owned "an undivided ⅛th interest" in the land described by government numbers which appears to be parcel "B", with no reference to the balance of the land, or parcel "A". Neither Moulton nor Gerald Stanley Givens has appealed or assigned errors. Doubtless the decree should have given ⅞ths to Moulton and ⅛th to Gerald Stanley Givens; but we shall not undertake to modify it to that extent because the parties are not complaining.

We shall treat the assignment of error as intending to refer to the decree sustaining the demurrer to the cross bill filed December 1, 1953. That cross bill seeks a declaration of the court "that cross complainants, along with Rose Marie Givens Jeffery, are the owners of ⅞ths undivided interest in the lands identified as parcels A and B in this amended cross bill, and that cross respondent C. A. Moulton is the owner of ⅛th undivided interest in said land," and for an accounting on that basis. The basis of that contention is thus expressed in the cross bill: "that said purchases by the said C. A. Moulton were redemptions from mortgage foreclosure sale * * * and that said redemptions were made for the joint benefit of all the tenants in common, including the said C. A. Moulton, and that said redemptions were made before the time for redemption had expired". They further allege that cross complainants "have since 1937 been continually ready and willing to contribute their respective pro rata share of the cost of these mortgage and tax sale redemptions made by C. A. Moulton and that the cross complainants are ready and willing to do equity in this cause".

As to the cross bill the only question is on the demurrer to it. We must look to it along with the bill for the full import of the contention on which the relief is sought. The cross bill is completely rewritten, so we will not refer to those previously written in passing on the demurrer to the one now under consideration.

The first contention is that when C. A. Moulton received a deed from Wiggins Estate Co. on May 10, 1938, he was a tenant in common with all the heirs of James A. Givens, except Louise Givens whose interest he had acquired and which made him a tenant in common; and, therefore, that his purchase was in the nature of a redemption by one tenant in common or was the purchase of an outstanding interest.

When the foreclosure suit was filed February 25, 1930 Louise Givens was made a party, but she had only a statutory right of redemption of her interest held by Moulton and Smith under a foreclosure of a mortgage to them. The foreclosure proceedings resulting in a sale to Wiggins Estate Co. purported to include her interest. That sale was made more than two years before Wiggins Estate Co. conveyed it to Moulton. Regardless of the effect of that foreclosure on Moulton's interest which he had acquired from Louise Givens, it served to pass the interest of all the other heirs to Wiggins Estate Co. subject only to their statutory right of redemption. That right was not attempted to be effected by any of them and was lost. Therefore, the foreclosure proceeding which was validated on appeal in the bill of review, served to cut them off of any interest in parcel "A", and they ceased to be tenants in common with Moulton. (That included Gerald Stanley Givens.) Coleman v. Coleman, 173 Ala. 282, 55 So. 827; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Alabama Machinery & Supply Co. v. Baker, 223 Ala. 230, 135 So. 171; Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526. So that, whether or not Moulton was foreclosed by that suit from exercising the equity of redemption when he purchased from Wiggins Estate Co., there was no cotenancy with the other heirs then existing. If it were an exercise by Moulton of his equity of redemption, it was for his personal benefit only.

We now proceed to the purchase by Moulton at the sheriff's sale of parcel "B" on October 10, 1938. That sale was on an execution under a deficiency judgment rendered April 21, 1936 in the foreclosure suit

against all the heirs of James A. Givens liable for the mortgage debt, except Louise Givens. There was no lien created by that suit on parcel "B", which was not included in the mortgage foreclosure suit. There was no lien on it except by virtue of the execution and levy on it as the property of defendants in the execution, which did not include Louise Givens. She had no interest in the land subsequent to October 19, 1929 when her mortgage to Moulton and Smith was foreclosed, except for the two years in which to exercise the statutory right of redemption which was not undertaken. Therefore her interest in the land had been completely lost to her at the time that execution was issued and levied. The sale under it did not affect Moulton's interest in parcel "B" acquired from Louise Givens. So that the judgment and lien on which the sale was had was only on the undivided share of Moulton's cotenants; and that was what Moulton purchased at the sheriff's sale.

 The principle was thus stated in 86 C.J.S., Tenancy in Common, § 60, p. 427: "A tenant in common may purchase the interests of his cotenants at a partition, *execution*, or other judicial *sale of such interests,* and acquire their *rights for his sole benefit*, where the judgment or lien on which the sale was had *was only on the undivided share of his cotenant*". And in 14 Am.Jur. 119, section 50, it is said: "The courts are agreed that when the common property is *sold for the satisfaction of a debt payable by only one of the tenants,* his *cotenant or cotenants* may purchase the title in the same manner *as may a stranger*". (Italics supplied.)

 Therefore, the purchase by Moulton of the interest of his cotenants in parcel "B" under the sheriff's deed of October 10, 1938, did not inure to the benefit of the very persons whose interests were sold and who alone owed the debt for which the property was sold. Moulton never owed the debt and his interest in the land was never subject to sale under the execution.

We do not reach the question whether these cross complainants acted with the

haste required by law and did what was necessary to obtain the benefit of such a right if it had existed. See Kelly v. Kelly, 250 Ala. 664 (12), and cases cited at page 670, 35 So.2d 686, 690.

The court sustained the demurrer to the cross bill without error. That means the cross bill made no showing as to a present interest of these appellants in either parcel of land involved, and therefore the final decree declaring that parcel "B" was owned by Moulton and Gerald Stanley Givens was without error insofar as appellants are concerned, as was held in the review proceedings referred to above.

The decree should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.